UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Jason Llanes,

Defendant(s).

17-CR-512 (KMW)

OPINION AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/17

KIMBA M. WOOD, District Judge:

The Court denies defendant's motion to reopen bail proceedings, which motion was based on allegedly "new, material information."

For the purposes of this Opinion, the Court accepts, arguendo, that CS-1 is not to be credited.

Detention is nonetheless warranted, without another hearing, because:

1. The case is one in which there is a presumption that no set of conditions will ensure the defendant's appearance and the safety of the community, because the defendant is charged with a narcotics conspiracy involving heroin, crack cocaine, and powder cocaine under 21 U.S.C. § 846 and 841(b)(1)(A);

2. The defendant faces a 15-year mandatory minimum, creating a significant incentive to flee;

3. The evidence against the defendant is strong, and includes surveillance of the defendant, evidence of the defendant's unexplained wealth, and wiretaps in which the defendant himself was captured discussing the narcotics conspiracy, as well as seizures of narcotics and firearms from co-conspirators;

4. The defendant's eight prior convictions, history of committing new crimes while criminal charges relating to his prior crimes were pending, and history of bench warrants issued against him, including four bench warrants and one pre-arraignment warrant;

5. The defendant's prior arrests and convictions for resisting arrest and unlawfully fleeing from police;

6. The defendant's history of drug use, including use of marijuana and cocaine, as well as his history of driving while intoxicated;

7. The defendant's recorded conversations with co-defendant Matthew Vasquez, in which the defendant explicitly discusses violence against others;

8. The fact that the defendant's father, who intended to secure the bond with his home, has an extremely limited relationship with, and knowledge of, the defendant;

9. The fact that while the defendant claimed to do construction work, Mr. Coffey, for whom the defendant allegedly worked, could not testify to the frequency of such work or provide any records in support of that claim;

10. The defendant's lies to Pretrial Services regarding his residence and income.

SO ORDERED.

Dated: New York, New York
December 18, 2017

*(signed)* Kimba M. Wood
THE HON. KIMBA M. WOOD
United States District Judge