

Counselors at Law

Partners
Dawn M. Cardi
Chad L. Edgar

Associates
Robyn L. Enes
Joanna C. Kahan

Of counsel
Diane Ferrone

April 12, 2019

**VIA ECF**

Hon. Kimba M. Wood
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Jason Llanes</u>, 17-CR-512 (KMW)

Dear Judge Wood:

  I am CJA counsel to Jason Llanes. I write briefly in response to the government's sentencing submission dated April 9, 2019. Mr. Llanes is scheduled to be sentenced on April 15, 2019.

  With regard to the single call with the now discredited confidential source, the government writes that Mr. Llanes was "arranging for cocaine for himself." Gov't Letter at 2. Mr. Llanes does not himself sell cocaine. While he admits to arranging for its purchase, Mr. Llanes was not purchasing it to sell himself, but rather was purchasing it for another individual that he knew. The government does not provide any evidence to the contrary.

  While the government submits that Mr. Llanes was intercepted speaking to co-defendant Matthew Vasquez on the wiretap on Mr. Vasquez's phone, it does not (nor could it) claim that any of those conversations where in furtherance of the charged conspiracy. Of course, mere association with Mr. Vasquez is not evidence of a crime and any suggestion by the government to the contrary must be rejected.

  As to Mr. Llanes' Criminal History Category ("CHC"), we respectfully disagree with the government's description of Mr. Llanes' prior offenses as a "troubling history of persistent criminal activity." Gov't Letter at 3. While reckless driving can in fact be dangerous and put people at risk of harm, it's simply not of the same caliber as assaults, robberies, gun possession, and the like. An individual that is an extremely reckless driver is not comparable to an individual that commits violent crimes. Our argument is that while Mr. Llanes is technically a CHC III, such a CHC "substantially over-represents the seriousness of the defendant's criminal history." With regard to the government's argument that even if the Court disregarded some of the convictions Mr. Llanes would still be in CHC III, that too misses the crux of our argument. Our position is that taken all together (and even with the benefit of four one-point convictions not being added to his criminal history calculation), Mr. Llanes is not properly viewed, and should not be sentenced, as an individual with a CHC III.



Partners
Dawn M. Cardi
Chad L. Edgar

Associates
Robyn L. Enes
Joanna C. Kahan

Of counsel
Diane Ferrone

  Finally, while we understand that some of the arrests were while a case was pending or a conditional discharge open, Mr. Llanes was in his early 20s and the ramifications of engaging in such behavior was simply not at the forefront of this young man's mind. That does not mean that he engaged in the activities with malicious intent. To the contrary, it's reflective of behavior by a kid in the Bronx out with his friends not making smart decisions. We respectfully submit that such bad decision-making, many years before the instant offense, should not result in a harsher sentence for Mr. Llanes.

  I thank the Court for its consideration.

            Very truly yours,

              /s/

            Dawn M. Cardi

cc: All Parties (via ECF)

99 Madison Avenue, 8th Floor, New York, NY 10016 • 212.481.7770 TELEPHONE • 212.271.0665 FACSIMILE • 917.543.9993 CELL • cardiedgarlaw.com